749 So.2d 219 (1999)
Yolanda YOUNGER a/k/a Yalanda Younger, Appellant,
v.
STATE of Mississippi, Appellee.
No. 98-CA-00687-COA.
Court of Appeals of Mississippi.
August 3, 1999.
*220 Robert M. Ryan, Robert Shuler Smith, Jackson, Attorneys for Appellant.
Office of the Attorney General by Deirdre McCrory, Attorney For Appellee.
BEFORE KING, P.J., PAYNE, AND THOMAS, JJ.
THOMAS, J., for the Court:
¶ 1. Yolanda Younger appeals the revocation of her probation, raising the following issue as error:

I. THE EVIDENCE PRODUCED AT YOUNGER'S REVOCATION PROCEEDING WAS WHOLLY INSUFFICIENT TO JUSTIFY THE REVOCATION OF HER SUSPENDED SENTENCE AND FURTHER RESULTED IN THE DENIAL OF DUE PROCESS OF LAW AS GUARANTEED BY THE UNITED STATES AND MISSISSIPPI CONSTITUTIONS.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. In July 1988, Yolanda Younger was indicted for the murder of Joe Willie Banks. In December of that year, Younger entered a plea of guilty to a reduced charge of manslaughter and was sentenced to a term of twenty years in the custody of the Mississippi Department of Corrections. The imposition of the sentence was suspended, and Younger was placed on five years supervised probation.
¶ 4. Younger committed a second offense of aggravated assault in March 1990. After pleading guilty to this charge, Younger was sentenced to fifteen years, and her suspended sentence was revoked for a period of fifteen years, with both sentences to run concurrently, and upon her release to serve another five years of supervised probation. Younger served time until she was released in April 1997.
¶ 5. In December 1997, Younger once again was involved in an altercation. A probation revocation hearing was commenced to revoke the five suspended years left on her original manslaughter conviction. As a result of the hearing, the court revoked three of the five years and required two years of supervised probation. Younger then filed a motion to vacate the revocation. A motion hearing was conducted on March 11, 1998. The court denied her motion. Aggrieved, Younger appealed.

ANALYSIS

I.

THE EVIDENCE PRODUCED AT YOUNGER'S REVOCATION PROCEEDING WAS WHOLLY INSUFFICIENT TO JUSTIFY THE REVOCATION OF HER SUSPENDED SENTENCE AND FURTHER RESULTED IN THE DENIAL OF DUE PROCESS OF LAW AS GUARANTEED BY THE UNITED STATES AND MISSISSIPPI CONSTITUTIONS.
¶ 6. The State called only one witness at the revocation hearing, namely Officer Curtis Garrett, Younger's probation officer. Based on a police report and talks with the officers involved, Garrett testified that Younger was involved in an incident on December 3, 1997. Garrett testified that Jacqueline Jones, a fifteen year old girl, made a complaint in which she alleged that Younger and she had an argument, and that Younger had stabbed her on top *221 of the head. Garrett went on to state that the original charge pending against Younger for this act was aggravated assault, but that charge was later reduced to simple assault. Garrett also testified that at the time of the filing of the warrant Younger had failed to pay $200 in supervision fees as required by her probation, but that she had since paid this money. On cross-examination Garrett admitted that the police report stated there were no injuries, but Garrett explained that the actual officer involved stated to him that Jones was stabbed and taken to the hospital. Garrett also stated that Younger's sister came by and told him that Younger did in fact stab Jones. Garrett further testified on cross-examination that no weapon was found, and no medical reports were obtained describing any injuries to Jones.
¶ 7. The thrust of Younger's argument on appeal is that she has been denied due process of law as guaranteed her by the United States Constitution and the Mississippi Constitution. Even recognizing the reduced standard of proof required in civil proceedings and the propriety of hearsay evidence at revocation proceedings, Younger maintains that the State's evidence fails to justify the revocation of all or part of her suspended sentence. Younger argues that the quantum of Garrett's testimony would at best be classified as the proverbial "scintilla of evidence," and that the same was insufficient to justify the findings and resulting judgment of the circuit court. In summary, Younger argues that Garrett's offering was purely hearsay and clearly lacking a substantial basis in fact, and that she fully and convincingly rebutted the State's marginal evidence.
¶ 8. In support of her arguments, Younger maintains that no criminal affidavit of any nature or kind was ever filed against her and there was absolutely no evidence produced at the hearing to show that Jones had suffered an injury. Younger also maintains that we must look to her version of events as Jones was never called to testify. Younger testified that at the time of the incident she was at her own home and eight months pregnant. Younger stated that Jones had stopped by to see Younger's daughter. Younger testified that when she answered the door Jones became "smart" with her and words were exchanged. Younger testified that she turned to answer a question from her daughter when Jones struck her. Younger testified that she immediately turned and with keys in her hands struck Jones. Younger further testified that Jones ran and got her mother, and that both returned and physically attacked Younger by holding her down and choking her. Younger stated that her sister was not there, and therefore, could not have witnessed anything. On cross-examination Younger testified that she did owe $200 in supervision fees and that was a violation of her probation.
¶ 9. From the outset, it should be noted that the Mississippi Rules of Evidence do not apply to proceedings "granting or revoking probation." M.R.E. 1101(b)(3). Therefore, the rules barring hearsay do not apply, and hearsay evidence is properly admittable in such hearings. In addition, Younger never objected to any of the hearsay evidence offered at the hearing. Furthermore, on appeal Younger admits the "propriety of hearsay evidence" in the "revocation arena." The trial court properly allowed the hearsay evidence, and Younger has no basis to object to it now.
¶ 10. Younger also argues that any judgment involving a person's liberty must be based on credible and substantial evidence. Although Younger cites to several cases in support of this proposition, none but one even deal with probation revocation hearings. The one case cited to by Younger that does deal with probation revocation hearings is Grayson v. State, 648 So.2d 1129 (Miss.1994). Younger does not cite specifically to the following, but our supreme court in Grayson did state:
At a probation hearing, a violation of the probation conditions may be shown by *222 establishing a criminal conviction or by actual proof of the commission of a crime apart from the conviction. When the state does not prove that the defendant was convicted of a crime which would be a basis for revocation, it must present actual proof that the defendant engaged in such criminal conduct.
Id. at 1134 (citing State v. Esprinal, 488 So.2d 228, 229 (La.1986)).
¶ 11. However, our supreme court also stated in Grayson that the minimum due process requirements in a probation revocation hearing are as follows:
(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a `neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.
Grayson, 648 So.2d at 1133 (Miss.1994) (citing Riely v. State, 562 So.2d 1206, 1210 (Miss.1990)).
¶ 12. In addition, our supreme court has stated that a conviction is not necessary to revoke probation. Berdin v. State, 648 So.2d 73, 79 (Miss.1994). Probation may be revoked upon a showing that the defendant "more likely than not" violated the terms of probation. Id.
¶ 13. With these standards in mind, we turn to the case at hand. The crux of Younger's arguments is that she was denied due process because her probation was revoked on evidence which did not rise to the sufficient level of credible and substantial. As shown above, this is not the proper standard in a probation hearing. The evidence must show that the defendant "more likely than not" violated probation. The order of revocation state that Younger violated her probation by failing to pay supervision fees and for committing the new crime of simple assault. The trial court also made a detailed factual finding from the bench which stated that it was undisputed that Younger was involved in a fight with either keys or a knife, and that Jones went to the hospital as a result thereof. The trial court concluded that this was sufficient evidence to revoke Younger's probation.
¶ 14. The terms of Younger's probation state that "[d]efendant shall hereafter commit no offense against the laws of this or any state" and that Younger must pay supervision fees in the amount of "$15 per month." Clearly the evidence presented made it more likely than not that Younger committed simple assault. Younger herself admitted hitting Jones with keys in her hand, although she claimed she acted lawfully in self-defense. Hearsay evidence presented by Garrett showed that Jones went to the hospital as a result. Also hearsay evidence presented showed that a knife could have been used by Younger instead of keys. In addition, Younger herself admitted owing $200 in supervision fees. Although Younger eventually paid the $200, she was in arrears for thirteen months. This assignment is without merit.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, AND PAYNE, JJ., CONCUR.
MOORE, J., NOT PARTICIPATING.