991 So.2d 176 (2008)
Charlie Will STEELE, Jr. a/k/a Charlie W. Steele, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00259-COA.
Court of Appeals of Mississippi.
May 20, 2008.
Rehearing Denied September 30, 2008.
*177 Charlie Will Steele, Jr. (Pro Se), attorney for appellant.
Office of the Attorney General by Laura Hogan Tedder, attorney for appellee.
Before LEE, P.J., IRVING and ROBERTS, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On June 5, 2003, a jury in the Perry County Circuit Court found Charlie W. Steele, Jr., guilty of manslaughter. Steele was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. Shortly thereafter, Steele filed a motion to reconsider his sentence. In his order granting the motion, the trial judge reduced Steele's sentence to twenty years, with ten years to serve, ten years suspended, and five years of probation. The trial judge noted that the victim's family did not object to this reduction in sentence. Steele also advised the trial court that he would withdraw his motion for a new trial and would not pursue an appeal.
¶ 2. On March 2, 2006, Steele filed a motion for post-conviction relief to vacate and set aside his conviction and sentence. The trial court denied Steele's motion for post-conviction relief. Steele now appeals, asserting the following issues: (1) he was denied due process when the trial judge amended his sentence; (2) he was denied due process when he agreed to withdraw his post-trial motions and agreed not to pursue an appeal; (3) his trial counsel was ineffective; (4) he was denied due process when he was not informed of his right to appeal; and (5) he was deprived of his constitutional right to seek an appeal of his conviction. As Steele's second, fourth, and fifth issues are essentially identical, we will address them together. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 3. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised, the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).

DISCUSSION

I. DID THE TRIAL JUDGE ERR IN AMENDING STEELE'S SENTENCE?
*178 ¶ 4. In his first issue on appeal, Steele argues that the trial judge erred in amending his sentence because the amended sentence exceeded the original sentence. Steele also asserts that he waived his right to appeal in exchange for the original sentence; thus, the imposition of the amended sentence invalidates the waiver. Steele cites no authority for this proposition, so the issue is procedurally barred. Bell v. State, 879 So.2d 423, 434 (¶ 28) (Miss.2004). Furthermore, Steele's failure to protest his sentence during sentencing also constitutes a procedural bar. Henley v. State, 749 So.2d 246, 248 (¶¶ 4-7) (Miss.Ct.App.1999).
¶ 5. Notwithstanding the procedural bar, probationary time is not included when calculating the maximum sentence allowable. Brown v. State, 872 So.2d 96, 99(¶ 10) (Miss.Ct.App.2004). This issue is without merit.

II. WAS STEELE DENIED HIS RIGHT TO APPEAL?
¶ 6. In his second, fourth, and fifth issues on appeal, Steele's central argument is that he was denied his right to an appeal. We first note that Steele's assertion that the trial judge never advised him of his right to appeal is not supported by the record.
¶ 7. In the order granting Steele's motion to reconsider his sentence, the trial judge stated the following:
The Court was also advised by the Defendant that should the Court grant said reduction in sentence, Defendant would instruct his attorney to withdraw the Motion for Judgment Notwithstanding the Verdict Or, In the Alternative, Motion For A New Trial filed in this cause and further instruct counsel for Defendant not to file or pursue an appeal in this case.
In his order denying Steele's motion for post-conviction relief, the trial judge notes that Steele wanted the preceding statement inserted into the order granting Steele's motion for reconsideration. The trial judge determined that Steele was clearly aware of his right to appeal. We can find no error with the trial judge's determination; thus, this issue is without merit.

III. WAS STEELE'S TRIAL COUNSEL INEFFECTIVE?
¶ 8. In his final issue on appeal, Steele argues that his trial counsel was ineffective for advising Steele to waive his right to appeal and for obtaining a lesser sentence when the new sentence was technically greater than the initial sentence. To prevail on this issue, Steele must demonstrate that his trial counsel's performance was deficient and the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We fail to see how Steele's trial counsel was ineffective for getting the trial judge to reduce Steele's actual time served in prison by ten years. This issue is without merit.
¶ 9. THE JUDGMENT OF THE PERRY COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PERRY COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.