995 So.2d 850 (2008)
Eugene A. LOISEL, III, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CP-01807-COA.
Court of Appeals of Mississippi.
November 25, 2008.
*851 Eugene A. Loisel III, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before MYERS, P.J., GRIFFIS and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. In October 2005, Eugene A. Loisel III pleaded guilty in the Circuit Court of Harrison County to robbery. Loisel was given a sentence of ten years, with two years to be served in the custody of the Mississippi Department of Corrections, eight years suspended, and three years of post-release supervision.
¶ 2. After serving two years in the custody of the MDOC, Loisel was released and committed to the Department of Corrections Restitution-Correctional Center in Pascagoula, Mississippi. Successful completion of his commitment to the Restitution-Correctional Center was a condition of his probation. After receiving two rule violation reports from the Restitution-Correctional Center, the circuit court revoked Loisel's probation in October 2006. He was subsequently sentenced to seven years in the custody of the MDOC and given credit for time served.
¶ 3. Aggrieved, Loisel now appeals, asserting that: (1) his waiver of a preliminary revocation hearing was not knowing, intelligent, or voluntary; (2) the circuit court denied Loisel his due process rights by failing to take into account the fact that Loisel was on medication before revoking his probation; (3) the circuit court denied Loisel his due process rights by failing to provide a written statement setting forth the basis of why his probation was revoked; (4) the circuit court denied Loisel his due process rights by failing to find him guilty of a crime before revoking his probation; and (5) Loisel was prejudiced when the original circuit court judge in his post-conviction proceedings recused herself and assigned another judge to his case. Finding no error, we affirm the judgment of the circuit court denying Loisel's motion for post-conviction relief.

STANDARD OF REVIEW
¶ 4. This Court's standard of review for the denial of a motion for post-conviction relief is well established. We will not alter the findings of the circuit court unless they are clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶3) (Miss.Ct.App.2002). Questions of law are reviewed de novo. Brown v. State, 731 So.2d 595, 598(¶6) (Miss.1999).

DISCUSSION

(1) Loisel was not coerced into signing a preliminary hearing waiver.
¶ 5. Loisel argues that he was coerced into signing a waiver of his right to a preliminary revocation hearing under *852 Rule 32.1 of the Federal Rules of Criminal Procedure. Loisel is correct that Rule 32.1 deals with revoking or modifying probation or supervised release and that a waiver of the preliminary hearing guaranteed under Rule 32.1(b)(1) must be voluntary; however, this rule does not apply in Loisel's case.
¶ 6. First, the Federal Rules of Criminal Procedure are federal rules. Even if Loisel had signed a federal waiver in relation to this case, it would have no bearing. Loisel was incarcerated and released on probation by the State of Mississippi; therefore, he is subject to Mississippi's rules governing criminal procedure and probation revocation. Second, the record does not reflect that Loisel ever signed such a waiver. It is possible that he is confused on this issue, and that he actually signed another waiver and misrepresented it as a federal waiver in his brief. Accordingly, we find that this issue is without merit.

(2) Loisel was not denied due process by any failure of the circuit court to take note of his medications.
¶ 7. Loisel asserts that during his revocation hearing, he was on medication for depression and anxiety. As a result, he claims that he felt "extremely uncomfortable" at the hearing and was denied due process. "The minimum due process requirements applicable to probation revocation hearings were set forth by the United States Supreme Court in Gagnon v. Scarpelli, 411 U.S. 778, 781-82, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) [superceded by statute], and were incorporated into Mississippi law through Miss.Code Ann. § 47-7-37 (Rev.2000)." Payton v. State, 845 So.2d 713, 719(¶22) (Miss.Ct.App. 2003). These requirements are as follows:
(1) written notice of the claimed violations of probation; (2) disclosure to the probationer of the evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless the hearing officer finds good cause for not allowing such confrontation); (5) a neutral and detached hearing body or officer; and (6) a written statement by the fact-finder as to the evidence relied on and reasons for revoking the probation.
Id.
¶ 8. Nothing in the record indicates that the subject of Loisel's medications or mental state was ever brought up during the initial revocation hearing in relation to that proceeding. His previous problems with depression and anxiety were noted by the circuit court. The first reference to his medications and mental state with respect to a proceeding occurred during the hearing to reconsider his sentence after his probation was revoked, when his counsel said that there were some things Loisel wanted to say, but did not as a result of his anxiety. Loisel provides no cogent argument on how his feeling "extremely uncomfortable" during the initial revocation hearing resulted in a denial of due process. He was represented by counsel and given an opportunity to be heard, to present evidence, and to examine witnesses. Therefore, we find that this argument is without merit.

(3) Loisel was not otherwise denied due process.
¶ 9. In his third and fourth issues, which we will combine, Loisel asserts that the circuit court erred in refusing his motion for post-conviction relief and that this resulted in the denial of his due process. First, Loisel contends that he was denied due process by the circuit court's failure to provide a written statement of the reasons *853 why his probation was revoked. However, the record shows that the circuit court judge provided a written order in which he found that Loisel admitted at the revocation hearing to violating his probation, and it was this admission that served as the basis for the revocation. Loisel did, in fact, admit to receiving two rule violation reports and to being discharged from the Restitution-Correctional Center. We find that this was an adequate basis for the circuit court to determine that he violated his probation.
¶ 10. Next, Loisel contends that he was denied due process by the circuit court's failure to require that he be found "guilty" of a crime before revoking his probation. Loisel argues that a defendant must be found guilty of a crime before his probation may be revoked. He believes that because he never appeared before a disciplinary committee for his rule violations, he was never found "guilty" of a crime, and the revocation of his probation should be reversed.
¶ 11. To the contrary, "our supreme court has stated that a conviction is not necessary to revoke probation. Probation may be revoked upon a showing that the defendant `more likely than not' violated the terms of probation." Younger v. State, 749 So.2d 219, 222(¶12) (Miss.Ct. App.1999) (citation omitted). In this case, Loisel failed to contest one of the two rule violations at the revocation hearing. Furthermore, the requirement of his probation agreement was that he successfully complete his commitment at the Restitution-Correctional Center. The center discharged him because he violated the rules; therefore, he did not successfully complete his commitment. We agree with the circuit court that there was sufficient evidence to determine that Loisel "more likely than not" violated the terms of his probation agreement. Accordingly, we find that this issue is without merit.

(4) Loisel was not prejudiced by the assignment of another circuit court judge to his case.
¶ 12. Finally, Loisel argues that he was prejudiced because the original circuit court judge who was assigned to his post-conviction relief case recused herself, rescinded a previous order setting a date for the State to respond to his petition, and assigned another judge to his case. However, Loisel does not cite any authority to support his argument, nor does he offer any evidence to show how he was prejudiced. As a result, we find that his argument on this issue is without merit.
¶ 13. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.