ROBERTS, J., for the Court.
 

 ¶ 1. In August 2000, Anthonie Henderson went before the Panola County Circuit Court and pled guilty to possession of marijuana with intent to sell. The circuit court sentenced Henderson to ten years in the custody of the Mississippi Department of Corrections (MDOC) to run consecutively to a previous three-year sentence. However, the circuit court suspended all ten years of Henderson’s sentence.
 

 ¶ 2. Two revocation hearings followed. The first revocation hearing occurred in December 2003. After that hearing, the circuit court revoked Henderson’s suspended sentence, ordered Henderson to serve two years of his ten-year sentence, and suspended the remaining eight years. In February 2006, Henderson’s suspended sentence was revoked again. The circuit court ordered Henderson to serve the remaining eight years of his suspended sentence.
 

 ¶ 3. Henderson filed a motion for post-conviction relief, but the circuit court summarily dismissed Henderson’s motion. Aggrieved, Henderson appeals and claims: (1) he received ineffective assistance of counsel when he pled guilty; (2) the circuit court violated his right to representation during his second revocation hearing; (3) the circuit improperly revoked his suspended sentence; (4) his sentence was unlawfully excessive; and (5) his guilty plea was not made knowingly, voluntarily, and intelligently. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 4. On August 9, 2000, Henderson pled guilty to possession of more than one
 
 *29
 
 ounce of marijuana with intent to sell in violation of Mississippi Code Annotated section 41-29-139(a)(l) (Rev.2005). The circuit court accepted Henderson’s guilty plea and sentenced Henderson to ten years in the custody of the MDOC with all ten years suspended. The circuit court specified that Henderson’s ten-year suspended sentence was to run consecutively to a three-year sentence for a previous conviction for possession of
 
 less
 
 than one ounce of marijuana with intent to sell.
 

 ¶ 5. On December 11, 2003, the circuit court conducted a revocation hearing. Henderson was represented by counsel. Ultimately, the circuit court revoked part of Henderson’s suspended sentence and ordered Henderson to serve two years in the custody of the MDOC. However, the remaining eight years of Henderson’s ten-year original sentence were still suspended.
 

 ¶ 6. In March 2007, the State filed an amended petition to revoke Henderson’s remaining eight-year suspended sentence.
 
 [1]
 
 Within that amended petition, the State claimed that Henderson failed to pay assessments as ordered. The State also claimed that Henderson violated the terms of his suspended sentence when he engaged in criminal conduct. According to the State, by pleading or being found guilty of the following violations, Henderson engaged in criminal conduct:
 

 November 2, 2005: possession of marijuana and failure to obey a police officer
 

 June 14, 2006: “loud music”
 

 June 28,2006: possession of marijuana in a motor vehicle, no seatbelt in use, and an open-container violation
 

 September 6, 2006: expired tag and no seatbelt in use
 

 September 13, 2006: expired tag
 

 September 27, 2006: expired tag
 

 January 17,2007: possession of marijuana and failure to obey a police officer
 

 January 24,2007: failure to obey a police officer and expired tag
 

 Henderson was not represented by counsel during the second revocation hearing. On April 27, 2007, the circuit court “revoked all of the remaining suspended sentence” and ordered Henderson to serve the eight years that remained.
 

 ¶ 7. On May 13, 2008, Henderson filed a motion for post-conviction relief. Henderson claimed that: he received ineffective assistance of counsel during his guilty plea; he was deprived of the assistance of counsel during his second revocation hearing; his sentence was unlawful; and his probation was unlawfully revoked. The circuit court found no merit to Henderson’s motion and dismissed it without conducting an evidentiary hearing.
 

 STANDARD OF REVIEW
 

 ¶ 8. A trial court’s dismissal of a motion for post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). However, when issues of law are raised, the proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999).
 

 ANALYSIS
 

 ¶ 9. As a preliminary matter, it bears mentioning that Henderson claims that the circuit court could not have revoked his suspended sentence because the circuit court never placed him on probation. Henderson is correct in the sense that the circuit court never placed him on
 
 supervised
 
 probation. That is, the circuit court never ordered the MDOC to assign a field officer to Henderson or charged the MDOC with monitoring Henderson’s behavior to ensure that Henderson was following the conditions of probation. However, by suspending Henderson’s sentence and placing conditions on Henderson’s behavior, without more, the circuit court
 
 *30
 
 committed
 
 itself
 
 to monitoring Henderson’s behavior.
 
 Johnson v. State,
 
 925 So.2d 86, 93 n. 5 (Miss.2006) (holding that “ ‘[ujnsupervised probation’ is the functional equivalent to ‘a straight suspended sentence’ to the extent that the sentence is not under the supervision of the [MDOC], but under the watchful eye of the sentencing judge”). The Mississippi Supreme Court clarified and endorsed the circuit court’s authority to suspend a sentence and subsequently revoke the suspended feature of that sentence.
 
 Id.
 
 Accordingly, a circuit court may suspend a sentence, in whole or in part, and in so doing, burden itself with “monitoring a defendant’s behavior while the defendant is serving a suspended sentence, ‘unsupervised’ probation, or ‘non-reporting’ post-release supervision.”
 
 Id.
 
 at 102(¶ 30). It follows that the circuit court acted well within its authority when it suspended Henderson’s sentence and later reinstated it based on violations of the conditions of the suspension. That the circuit court did not place Henderson on supervised probation is of no moment. We now turn to the substantive issues on appeal.
 

 I.INEFFECTIVE ASSISTANCE OF COUNSEL
 

 ¶ 10. Henderson claims he received ineffective assistance of counsel when he pled guilty on August 9, 2000. Henderson filed his motion for post-conviction relief on May 13, 2008. When there has been a guilty plea, a petition for post-conviction relief must be filed within three years of the entry of a judgment of conviction. Miss.Code Ann. § 99-39-5(2) (Rev. 2007). Henderson filed his motion more than seven years after he had pled guilty. Accordingly, Henderson’s claim for post-conviction relief under this issue is untimely.
 
 Bevill v. State,
 
 669 So.2d 14, 17 (Miss. 1996).
 

 II. DEPRIVATION OF COUNSEL
 

 ¶ 11. Next, Henderson claims the circuit court violated his right to counsel when it did not provide him with an attorney during his second revocation hearing. There is no per se right to appointed counsel at a revocation hearing.
 
 Riely v. State,
 
 562 So.2d 1206, 1209 (Miss. 1990). “Whether probationers have a right to counsel must be answered ‘on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system.’ ”
 
 Id.
 
 (quoting
 
 Gagnon v. Scarpelli,
 
 411 U.S. 778, 790, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)). The supreme court has set forth a general presumption that counsel should be provided in revocation cases that are “complex or otherwise difficult to develop.”
 
 Id.
 
 Additionally, counsel should be provided in cases where a convicted individual has been informed of his right to request counsel and then “makes such a request, based on a timely and colorable claim.”
 
 Id.
 

 ¶ 12. We cannot find that the circuit court abused its discretion when it declined to appoint an attorney for Henderson sua sponte. Henderson’s revocation hearing was not complex or otherwise difficult to develop. The State claimed that Henderson violated the terms of his suspended sentence by committing numerous offenses. Henderson was represented by counsel at his first revocation hearing, and he never requested an attorney at or before his second revocation hearing. We find no merit to this issue.
 

 III. IMPROPER BASIS FOR REVOCATION
 

 ¶ 13. Next, Henderson claims that the circuit court improperly revoked his suspended sentence during the second
 
 *31
 
 revocation hearing. Henderson reasons that his suspended sentence should not have been revoked because none of the convictions listed in the amended petition to revoke were felonies. The State was not required to prove that Henderson committed new felonies. As previously mentioned, by suspending Henderson’s sentence and not placing Henderson in supervised probation, the circuit court essentially placed Henderson in unsupervised probation. A circuit court may revoke probation upon “actual proof that the defendant engaged in ... criminal conduct.”
 
 Grayson v. State,
 
 648 So.2d 1129, 1134 (Miss.1994). It follows that the circuit court could also revoke Henderson’s suspended sentence upon actual proof that he engaged in criminal conduct. Henderson never contested the truth of the State’s allegations of convictions as stated in its amended revocation petition.
 

 IV. EXCESSIVE SENTENCE
 

 1114. Henderson claims the circuit court’s ten-year sentence is excessive. Henderson claims that “because the crime lab report was 108.4 grams[,]” the maximum sentences allowable were either one year in the county jail or a maximum of three years in the state penitentiary. Henderson concludes that his ten-year sentence was excessive.
 

 ¶ 15. First and foremost, Henderson’s claim is untimely. Henderson should have raised this issue within three years from the entry of his judgment of conviction. Miss.Code Ann. § 99-39-5(2). Because Henderson raised this issue more than seven years after the circuit court entered his judgment of conviction, this issue is time-barred.
 

 ¶ 16. The time bar notwithstanding, there is no merit to this issue. Henderson’s reasoning is based on the mistaken concept that he pled guilty to simple possession of more than thirty grams but less than two hundred and fifty grams of marijuana in violation of Mississippi Code Annotated section 41-29-139(c)(2)(C) (Rev.2005). However, Henderson pled guilty to possession of more than thirty grams but less than two hundred and fifty grams of marijuana
 
 with the intent to sell
 
 in violation of Mississippi Code Annotated section 41-29-139(a)(l). The maximum sentence allowable for such a violation is thirty years in the custody of the MDOC. Miss.Code Ann. § 41-29-139(b)(1) (Rev.2005). Henderson’s ten-year sentence is obviously less than that maximum possible sentence. This issue has no merit.
 

 V. VOLUNTARY AND INTELLIGENT GUILTY PLEA
 

 ¶ 17. Henderson claims he did not plead guilty knowingly, voluntarily, and intelligently. As in Issues I and IV, Henderson should have raised this issue within three years of entry of his judgment of conviction. Miss.Code Ann. § 99-39-5(2). Because Henderson failed to raise this issue within that three-year time period, this issue is time-barred.
 

 ¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. IRVING, J., NOT PARTICIPATING.
 

 [1]
 

 . The original petition does not appear in the record currently before this Court.