BARNES, J„
 

 for the Court:
 

 ¶ 1. Yance Agent appeals the denial of his motion for post-conviction relief by the Circuit Court of Pearl River County. Finding no error, we affirm.
 

 
 *372
 
 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On September 5, 2006, Agent pleaded guilty to statutory rape and was sentenced to fifteen years in the custody of the Mississippi Department of Corrections (MDOC), with two hundred and forty-two days to be served in custody and the remaining fourteen years and one hundred twenty-two days to be served under post-release supervision (PRS). The sentence gave Agent credit for time served, and he was immediately released to PRS. One of the terms of Agent’s PRS was that he was not to possess or consume any alcoholic beverages or mood-altering drugs. Further, as an additional requirement of his PRS, Agent successfully completed the Alcohol/Chemical Treatment Series (A.C.T.S.).
 

 ¶ 3. However, on May 22, 2007, Agent’s probation officer, Charlotte Penton, filed an affidavit alleging that Agent had violated the terms of his PRS by testing positive for methamphetamine and marijuana on February 1, 2007, and testing positive for methamphetamine, marijuana, and amphetamines on March 12, 2007. A revocation hearing was held on July 5, 2007. At the hearing before the circuit court, Agent confessed that the drug test results were accurate and that he did violate the terms of his PRS. The circuit court judge revoked Agent’s PRS and remanded him to the MDOC to serve the remainder of his entire sentence. Agent was also ordered to complete an intensive drug and alcohol program.
 

 ¶ 4. On December 10, 2008, Agent filed a pro se motion for post-conviction relief. This motion was summarily denied by the circuit court on December 19, 2008. Agent timely appealed the denial of his motion. Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 5. Absent a finding that the “ruling was clearly erroneous[,]” a circuit court’s denial of a motion for post-conviction relief will not be reversed on appeal.
 
 Jones v. State,
 
 994 So.2d 829, 830 (¶ 4) (Miss.Ct.App.2008) (citing
 
 Kirksey v. State,
 
 728 So.2d 565, 567 (¶ 8) (Miss.1999)). “However, when issues of law are raised, the proper standard of review is de novo.”
 
 Steele v. State,
 
 991 So.2d 176, 177 (¶ 3) (Miss.Ct.App.2008) (citing
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999)).
 

 I. Whether the Circuit Court Erred by Denying Agent a Fundamentally Fair Revocation Hearing in Violation of the Fifth and Fourteenth Amendments to the United States Constitution
 

 ¶ 6. Agent contends that he was denied due process as he was not given adequate notice of his revocation hearing, which would have allowed him to bring witnesses or evidence showing mitigating circumstances. “The revocation of probation or post-release supervision involves a loss of liberty and requires that the offender be afforded due process.”
 
 Ivory v. State,
 
 999 So.2d 420, 427 (¶ 18) (Miss.Ct.App.2008) (citing
 
 Gagnon v. Scarpelli,
 
 411 U.S. 778, 781, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)). Thus, a probationer “is constitutionally entitled to a preliminary [revocation] hearing” in order to determine if there is probable cause “to hold the probationer for a final decision concerning revocation.”
 
 Hubbard v. State,
 
 919 So.2d 1022, 1027 (¶ 16) (Miss.Ct.App.2005) (citing
 
 Riely v. State,
 
 562 So.2d 1206, 1210 (Miss.1990)). The minimum due-process requirements for a probation-revocation hearing are:
 

 (1) written notice of the claimed violations of probation; (2) disclosure to the probationer of the evidence against him;
 
 *373
 
 (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless the hearing officer finds good cause for not allowing such confrontation); (5) a neutral and detached hearing body or officer; and (6) a written statement by the fact-finder as to the evidence relied on and reasons for revoking the probation.
 

 Loisel v. State,
 
 995 So.2d 850, 852 (¶ 7) (Miss.Ct.App.2008) (quoting
 
 Payton v. State,
 
 845 So.2d 713, 719 (¶ 22) (Miss.Ct.App.2003)).
 
 Loisel
 
 is factually similar to the case before us. Like Agent, Eugene Loisel admitted to the circuit court at his revocation hearing that he had violated his probation twice and had been discharged from the MDOC’s Restitution-Correctional Center in Pascagoula, Mississippi. This Court found “that this was an adequate basis for the circuit court to determine that he [had] violated his probation.”
 
 Id.
 
 at 853 (¶ 9). At Agent’s revocation hearing, the circuit court asked:
 

 THE COURT: So, Yance, you’re denying that the test was done and you tested positive; is that correct?
 

 THE DEFENDANT: No, sir. I’m not denying that.
 

 THE COURT: Well, then you’ve given a chance to waive your hearing, you admitted to the charges, I mean.
 

 THE DEFENDANT: Right, sir. I was looking for you to give me a chance to try to better myself without sending me up that road.
 

 THE COURT: Well, you were given that chance by Judge Eubanks. The only choice I’ve got is if. you violate your terms and conditions I’ve got to revoke you. So do you have anything you want to offer that it’s untrue or incorrect.
 

 THE DEFENDANT: No, sir. Everything is true.
 

 ¶ 7. Thus, we find no indication that the minimum requirements for a revocation hearing were not met in this case. Penton filed a written affidavit alleging that Agent had violated the terms of his probation. A revocation hearing was held where the charges were read to Agent and he was given an opportunity to respond to the charges. Although Agent claims that he could have produced witnesses which would have attested to the fact that he attempted to get help for his drug addiction, the fact remains that he failed to do so. Further, as the circuit court aptly noted in its denial of Agent’s motion for post-conviction relief, the only evidence that Agent claims he would have presented was merely regarding his rehabilitation efforts, not to refute his violation of the terms of his PRS. Accordingly, this issue is without merit.
 

 II. Whether Agent Was Denied Effective Assistance by his Probation Officer
 

 ¶ 8. Agent contends that a worker in the A.C.T.S. program, Kathy Mason, led him to believe that Penton, in speaking to the circuit court regarding his violation of PRS, had recommended that Agent be placed in the MDOC’s Regimented Inmate Discipline (RID) program. To support this contention, Agent submitted a letter, addressed to him from Mason, which corroborated his claim. However, as he was not placed into the RID program, Agent asserts that the probation officer failed to advocate his cause effectively at his hearing.
 

 ¶ 9. We find that this argument by Agent is without merit. The Mississippi Supreme Court has recognized that a probation officer does not hold the same position as legal counsel with respect to a
 
 *374
 
 defendant. Although dealing with a mental health counselor rather than a probation officer, the supreme court in
 
 Mohr v. State,
 
 584 So.2d 426, 429 (Miss.1991), acknowledged that:
 

 A probation officer is not in the same posture with regard to either the accused or the system of justice as a whole. Often he is not trained in the law, and so is not in a position to advise the accused as to his legal rights. Neither is he a trained advocate, skilled in the representation of the interests of his client before both police and courts. He does not assume the power to act on behalf of his client by virtue of his status as adviser, nor are the communications of the accused to the probation officer shielded by the lawyer-client privilege. .... A probation officer simply is not necessary, in the way an attorney is, for the protection of the legal rights of the aecused[.]
 

 (Quoting
 
 Fare v. Michael C.,
 
 442 U.S. 707, 722, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979)). Consequently, a claim of ineffective assistance simply would not be applicable to a defendant’s probation officer.
 

 ¶ 10. Agent further claims that the court was “duty bound” to appoint him counsel for his revocation hearing, or at a minimum, advise him of his right to be represented by counsel. However, there is nothing in the record to show that Agent ever requested counsel prior to or during his hearing. Moreover, “[tjhere is no per se right to appointed counsel at a revocation hearing.”
 
 Henderson v. State,
 
 12 So.3d 26, 30 (¶ 11) (Miss.Ct.App.2009) (citing
 
 Riely,
 
 562 So.2d at 1209). The general presumption is that counsel should only be provided in revocation cases that are “complex or otherwise difficult to develop.”
 
 Id.
 
 Here, Agent admitted to the court that he had violated the terms of his PRS. As such, we find that the issues presented at Agent’s revocation hearing were neither difficult nor complex; therefore, this issue is without merit.
 

 III. Whether the Circuit Court Erred in Sentencing Agent to a Lengthy Term of Imprisonment Rather Than a Less Drastic Punishment
 

 ¶ 11. After Agent admitted that he twice violated the terms of his PRS, the circuit court judge revoked all of Agent’s suspended sentence. Agent argues that the circuit court had the discretion not to revoke his probation, and that it was unjust to sentence him to such a lengthy term of imprisonment rather than a lesser punishment. Mississippi Code Annotated section 47-7-37 (Supp.2009) states that if a probationer is found to have violated the terms of his PRS:
 

 [T]he court, in termtime or vacation, shall cause the probationer to be brought before it and
 
 may
 
 continue or revoke all or any part of the probation or the suspension of sentence, and
 
 may
 
 cause the sentence imposed to be executed or may impose any part of the sentence which might have been imposed at the time of conviction.
 

 (Emphasis added). Thus, a judge is vested with the discretion to revoke and reinstate a defendant’s entire suspended sentence. Consequently, although Agent is correct that the circuit court judge had the discretion to impose a lesser sentence, the judge also has the authority to reinstate the entire sentence.
 

 ¶ 12. Additionally, Agent attempts to argue that his violations were not “per se” crimes; rather, they were a result of a “disease,” namely Agent’s drug addiction. Thus, he argues that the court should have imposed a sanction other than imprisonment. However, a conviction is not necessary in order to revoke probation.
 
 *375
 

 Loisel,
 
 995 So.2d at 853 (¶ 11) (citing
 
 Younger v. State,
 
 749 So.2d 219, 222 (¶ 12) (Miss.Ct.App.1999)). Rather, “[probation may be revoked upon a showing that the defendant ‘more likely than not’ violated the terms of his probation.”
 
 Id.
 
 (quoting
 
 Younger,
 
 749 So.2d at 222 (¶ 12)). Agent admitted that he had twice violated a specific term of his PRS, giving the circuit court judge the discretion to revoke and impose any portion or all of his suspended sentence. Therefore, we find no abuse of discretion in the circuit court’s revocation and imposition of Agent’s entire sentence.
 

 ¶ 13. As this issue is without merit, we find that the circuit court’s denial of Agent’s motion for post-conviction relief was not in error and affirm.
 

 ¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.