# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01201-COA

**JERRY P. ROARK A/K/A JERRY ROARK A/K/A**        **APPELLANT**
**JERRY ROARK, JR. A/K/A JERRY P. ROARK,**
**JR.**

**v.**

**STATE OF MISSISSIPPI**        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/17/2014 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | KEVIN DALE CAMP |
| | JOEL CHARLES REYNOLDS JR. |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ALICIA MARIE AINSWORTH |
| | JASON L. DAVIS |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POSTCONVICTION RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED - 10/25/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE ISHEE, P.J., CARLTON AND JAMES, JJ.**

**ISHEE, P.J., FOR THE COURT**:

¶1.     On July 19, 2004, Jerry Roark pleaded guilty in the Rankin County Circuit Court to charges of gratification of lust and sexual battery. He was sentenced to fifteen years, with six years suspended, for gratification of lust, to be served concurrently to twenty years, with seven years suspended, for sexual battery, all in the custody of the Mississippi Department of Corrections (MDOC). Roark was also sentenced to serve five years of postrelease

supervision (PRS) following his release from jail.

¶2. In 2011, after Roark served his sentence with MDOC, he had his PRS transferred to Nevada pursuant to an interstate-compact agreement between Nevada and Mississippi. In 2013, the probation officer assigned to him while in Nevada found that Roark had violated the agreement, and Roark was sent back to Mississippi. In Mississippi, it was alleged that Roark violated the terms of his probation and, after a revocation hearing, the circuit court revoked his probation. Roark filed a motion for postconviction relief (PCR) asserting that his probation was wrongfully revoked, which the circuit court dismissed. Aggrieved, Roark filed this appeal. Finding no error, we affirm.

## FACTS

¶3. In 2011, Roark was granted a transfer of his PRS to Nevada pursuant to an interstate-compact agreement, which required Roark to abide by Nevada probation rules along with the required terms and conditions for sex offenders. After being released from MDOC custody, Roark moved to Nevada, where he was supervised by the division of parole and probation of the Nevada Department of Public Safety (NDPS). Nevada's terms and conditions for sex offenders included that Roark not possess sexually explicit material that is deemed inappropriate by the parole officer assigned to him.

¶4. In 2013, Roark's parole office filed a petition and affidavit alleging Roark violated Nevada's sex-offender terms and conditions. Roark received notice that he would have a preliminary hearing to determine whether he had violated the terms of his parole. Specifically, Roark was accused of possessing sexually explicit material and accessing the

2

internet through an electronic device that was not approved by his parole officer. However, instead of having a preliminary hearing, Roark signed a waiver admitting to violating his PRS in Nevada. Thereafter, Roark was transferred to Mississippi.

¶5. On February 10, 2014, Roark appeared in the Rankin County Circuit Court for a formal revocation hearing. The State argued that, in addition to violating the interstate-compact agreement, Roark failed to pay court costs. The circuit court found Roark violated his parole and revoked Roark's PRS. Roark filed a PCR motion, which the circuit court dismissed. This appeal ensued.

## LAW AND DISCUSSION

¶6. This court will not reverse a circuit court's dismissal of a petition for PCR unless the circuit court's decision was clearly erroneous. *Agent v. State*, 30 So. 3d 370, 370 (¶5) (Miss. Ct. App. 2010). A circuit court may summarily dismiss a PCR motion where "it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." *White v. State*, 59 So. 3d 633, 635 (¶4) (Miss. Ct. App. 2011) (quoting Miss. Code Ann. § 99-39-11(2) (Supp. 2010)). Questions of law receive a de novo review. *Id.*

¶7. Roark argues that he did not violate the terms of his PRS and, therefore, it was wrongfully revoked. At the hearing, eleven images, which were gathered from the computer used by Roark, depicting naked children between the ages of eight and twelve were entered into evidence. There were also computer screenshots that provided the computer user's information and proved that Roark had viewed the images. At the hearing, Roark testified

3

that the images were from a popular video-sharing website, YouTube, depicting "Adam and Eve." Roark argued that the website filters out sexually explicit content and, therefore, he did not violate the conditions of his parole. Roark further testified that the computer he used to access the video was being monitored and had been approved by his parole officer.

¶8. The circuit court found that the images "were not sexually explicit in the terms of sex acts being depicted" and that they were not necessarily pornographic. Nonetheless, the circuit court concluded that nude images of children under the age of sixteen, particularly in light of Roark's underlying offenses with females in a similar age group, were inappropriate for Roark to view.

¶9. Furthermore, as the circuit court noted, there is no indication from the images provided to the court that they were taken from a video-sharing website. Assuming it was viewed on the particular website noted by Roark, there is still no evidence of a filter having been used to prohibit pornographic or illegal content. We also point out that what might be deemed sexually explicit or inappropriate by a parole officer may not be filtered out by a website, as this determination is on a case-by-case basis for a parole officer. Roark violated his agreement by possessing "sexually explicit material that is deemed inappropriate by the parole and probation officer assigned to the defendant." We find the record supports the circuit court's finding, and this argument is without merit.

¶10. Roark also argues that he was coerced into signing the waiver in Nevada and, thus, his admission is inadmissable. However, Roark's testimony is the only support for his claim that the admission was coerced due to the threat of incarceration in Nevada before returning

4

to Mississippi for a hearing.[1]  Waiver aside, Roark admitted at the formal revocation hearing to having watched a video with naked children.  Despite the admission contained in the waiver, the circuit court made an independent finding that the images were inappropriate for Roark to view.  Finally, the record indicates that Roark failed to pay court costs.  We find that the circuit court did not err in revoking Roark's PRS.  Hence, we affirm the circuit court's dismissal of Roark's PCR motion as it was not clearly erroneous.

¶11.  **THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.  IRVING, P.J., NOT PARTICIPATING.**

---

[1]  Nothing in the record disproves that Roark may be incarcerated in Nevada for violating his probation while there and prior to his transfer to Mississippi.