855 So.2d 452 (2003)
Michael CURRY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-00892-COA.
Court of Appeals of Mississippi.
June 24, 2003.
Rehearing Denied September 30, 2003.
*453 Michael Curry, Appellant, Pro Se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before McMILLIN, C.J., LEE and IRVING, JJ.
LEE, J., for the court.
¶ 1. In 2000, Michael Curry was convicted on two counts of fondling and was sentenced to serve ten years for each count. The Panola County Circuit Court suspended the sentences, placing him on probation for five years. During the period that followed, Curry violated the conditions of his probation and, at his request, was ordered to participate in the Regimented Inmate Discipline (RID) Program. The court ordered that, should Curry fail to meet the requirements of the RID program, he would be sent to the general prison population to serve the remainder of his sentence. In November 2001, through a routine blood screening for new prisoners, Curry learned he had HIV. Rather than going to the RID program, Curry was placed in the unit at Parchman designated for HIV-infected prisoners.
¶ 2. In January 2002, Curry filed a motion for post-conviction relief. The circuit court dismissed the motion, and Curry now appeals to this Court. With the appeal, Curry argues that the diagnosis of his HIV status constitutes newly discovered evidence as would justify a reconsideration of his sentence. He also argues that denial of his entry into the RID program and placement in the HIV unit constitutes cruel and unusual punishment. We review Curry's arguments on these points and find the trial judge did not err in dismissing Curry's motion for post-conviction relief. We do, however, remand to the circuit court for proper sentencing, as explained herein.

DISCUSSION

I. DID THE TRIAL COURT ABUSE ITS DISCRETION IN DENYING THE APPELLANT'S MOTION FOR POST-CONVICTION RELIEF?
¶ 3. Curry argues that due to his having HIV he is entitled, via the Americans with Disabilities Act and pursuant to caselaw from other states, to a mitigated sentence. "When reviewing a lower court's decision to deny a petition for postconviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." Smith v. State, 822 So.2d 298(¶3) (Miss.Ct. App.2001).
¶ 4. Curry's motion for post-conviction relief contained in the record concerns a conviction for possession of cocaine. However, the record contains no documents relating to such conviction, and this Court is puzzled as to why Curry referred to such offense in his motion for post-conviction relief when no evidence exists that he was ever convicted of such *454 crime. Regardless, Curry's claim on appeal that his HIV status constitutes "newly discovered evidence" as to entitle him to a reconsideration of his sentence is without merit. Had such information been available to the judge, it would not have changed the fact that Curry violated the terms of his probation in failing to report to his probation officer, failing to reside at the address stated in his probation papers, and failing to pay fees, court costs and assessment as directed. Accordingly, we affirm the dismissal of Curry's motion for post-conviction relief insofar as he sought to set aside the determination that a violation of probation had occurred. However, in light of the nature of Curry's sentence and ensuing events, we conclude that further consideration is warranted in the matter of the court's resulting sentence of Curry that permitted him to participate in the RID Program in hopes of obtaining an early release from confinement.
¶ 5. There is no question that the circuit court could have ordered Curry to immediately begin serving the entire balance of his original sentence once the court determined that he had violated the terms of his probation. However, it is also a fact that the circuit court has some discretion in the matter of further punishment after adjudicating a violation and may, in the exercise of its sound discretion, sentence the violator to something less than the entire unserved portion of the original sentence. Granting a probation violator the opportunity to be confined for a relatively brief time under the RID Program with the opportunity to earn an early release by successful completion of the program requirements is, in our view, an appropriate exercise by the circuit court of the discretion afforded it under Section 47-7-37 of the Mississippi Code. The opportunity to participate in the RID Program necessarily carries with it the possibility that the participant will not successfully complete the program and thereby forfeit his chance for an early release from confinement. However, in this case, Curry's failure to successfully complete the RID Program did not occur because of any misconduct or similar failure on his part. Rather, it arose by virtue of a medical condition unknown to the circuit courtand, insofar as the record shows, to Curryat the time of sentencing.
¶ 6. It seems apparent that the circuit court, in sentencing Curry after his probation violation, concluded that, despite his unsatisfactory behavior, he was nevertheless worthy of some additional consideration for an appropriate sentence that was something less than the entire balance of his original sentence. Had Curry been removed from the RID Program because of misconduct on his part, then we would consider it entirely appropriate for him to be summarily returned to the general prison population to serve out the remainder of his sentence. However, in this instance, when Curry's inability to participate in the program arose from a circumstance unknown to the sentencing court and one not traceable to any behavioral failing on Curry's part, we conclude that to require Curry to serve the entire balance of his sentence in the general prison population does not necessarily reflect the evident intention of the trial court to devise an alternate sentence that was less severe than this available option. Whether the circuit court, armed with knowledge of Curry's medical condition, would have arrived at a sentence that did not contemplate RID Program participation, but that was nevertheless something less than the entire balance of Curry's sentence cannot be answered by this Court. That unanswered question on the present state of the record leads this Court to the conclusion that there is at least a possibility, "[t]hat there exists evidence of material facts, not previously *455 presented and heard, that requires vacation of the ... sentence in the interest of justice" within the meaning of Section 99-39-5(1)(e) of the Mississippi Code. Miss.Code Ann. § 99-39-5(1)(e) (Supp. 2002). Accordingly, we remand to the circuit court for purposes of conducting a hearing at which the circuit court may reconsider Curry's sentence if it determines that Curry's medical condition is a "material fact" in the matter of determining an appropriate sentence.
¶ 7.THE JUDGMENT OF THE PANOLA COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED BUT REMANDED FOR RECONSIDERATION OF SENTENCING. COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.