864 So.2d 1058 (2004)
Atlas BROWN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-00011-COA.
Court of Appeals of Mississippi.
February 3, 2004.
Atlas Brown, Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
*1059 Before KING, P.J., LEE, and CHANDLER, JJ.
KING, P.J., for the Court.
¶ 1. Atlas Brown, pro se, appeals the dismissal of a request for post-conviction relief by the Harrison County Circuit Court. Brown asserts the following issue on appeal:
I. Whether the circuit court erred in denying Brown's motion for post conviction relief solely on the basis of a subsequent arrest.
Finding error, we reverse and remand.

FACTS
¶ 2. On May 5, 1995, Atlas Brown was arrested on charges of aggravated assault and possession of a controlled substance. On August 9, 1996, Brown, represented by counsel, pled guilty to the abovementioned charges, and was sentenced to fifteen years in the custody of the Mississippi Department of Corrections. On March 12, 1999, Brown was granted parole.
¶ 3. On October 24, 2001, nineteen months after Brown was granted parole, he was arrested on a charge of domestic assault. Pursuant to this arrest a petition was also filed to revoke Brown's parole. On December 6, 2001, a preliminary revocation hearing was held. On January 22, 2002, a final revocation hearing was held on the arrest for domestic assault. The record reflects no information regarding what occurred at either the preliminary hearing or the final revocation hearing.
¶ 4. On February 27, 2002, the domestic assault charge was dismissed. The record also reflects no information pertaining to the circumstances surrounding Brown's arrest for domestic assault, or the reasons for its dismissal. However, the record does reflect that on December 30, 2002, Brown filed a "Designation of Record" requesting a copy of the revocation transcript and sentencing hearing.
¶ 5. On November 7, 2002, Brown filed a motion for post-conviction relief. In his motion Brown claimed that he was arrested on a charge that was later dismissed, and the State provided "no proof or evidence of guilt or innocence to support the revocation except for the arrest." Finding Brown's motion to be without merit, the Harrison County Circuit Court dismissed it on December 6, 2002, without conducting an evidentiary hearing. In its "Order denying Post-Conviction Relief," the trial judge held that, "It is undisputed that Brown was arrested while he was on probation and that such an arrest violated one of the terms of his probation." Aggrieved by this decision Brown has perfected his appeal to this Court.

ISSUES AND ANALYSIS

Whether the circuit court erred in denying Brown's motion for post conviction relief solely on the basis of a subsequent arrest
¶ 6. Brown asserts the arrest itself was the only evidence presented by the State to justify the revocation of his probation. Brown contends that his arrest alone was insufficient grounds for revocation of his probation, unless there was a finding by the trial court that he "more likely than not" committed the domestic assault.
¶ 7. The standard of review for a denial of a post-conviction motion is as follows: "this Court reviews a denial of post-conviction relief under an abuse of discretion standard." Mitchell v. State, 754 So.2d 519, 521(¶ 7) (Miss.Ct.App.1999). The findings of the trial court must be clearly erroneous in order to overturn a lower court's denial of a post-conviction relief motion. McClinton v. State, 799 So.2d 123, 126(¶ 4) (Miss.Ct.App.2001). However, if questions of law are raised upon *1060 appeal the standard of review is de novo. Id.
¶ 8. Mississippi Code Annotated Section 99-39-5(2) (Rev.2000) requires that an applicant for post-conviction relief submit an affidavit of facts known to him, and an affidavit or some description of facts or matters beyond his personal knowledge yet relied on as basis for the requested post-conviction relief. The trial court after a consideration of the applicant's submissions, and the record, should determine if there exists a reason to have an evidentiary hearing on the matter. The State is correct that Brown failed to attach any affidavits or statements of "good cause" explaining why they could not be obtained. However, we must note as plain error that the order itself states as a basis for denying post-conviction relief a position which is contrary to the law.
¶ 9. The trial judge ruled that "[I]t is undisputed that Brown was arrested while he was on probation, and that such arrest violated one of the terms of his probation." This statement serves as the sole foundation for the revocation of Brown's probation. The mere arrest of a probationer is not a violation of probation. Moore v. State, 587 So.2d 1193, 1194 (Miss. 1991). Where the State seeks to revoke one's probation based upon an allegation of criminal activity, it must show proof of an actual conviction, or that a crime has been committed and that it is more likely than not that the probationer committed the offense. McClinton v. State, 799 So.2d 123, 127(¶ 9) (Miss.Ct.App.2001); Younger v. State, 749 So.2d 219, 221-222(¶ 10) (Miss.Ct.App.1999). Even a cursory reading of the trial court's order shows that standard was not met.
¶ 10. Finding this failure to be plain error, this Court reverses and remands this matter for further proceedings.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST-CONVICTION RELIEF IS REVERSED AND THIS MATTER IS REMANDED FOR A HEARING ON WHETHER BROWN IS ENTITLED TO POST-CONVICTION RELIEF. ALL COSTS OF THIS APPEAL ARE TAXED TO HARRISON COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.