# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-CT-01723-SCT

*BRIAN WESLEY CREEL*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 08/02/2004 |
| TRIAL JUDGE: | HON. ROBERT P. KREBS |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SAMUEL L. TUCKER, SR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | TONY LAWRENCE, III |
| NATURE OF THE CASE: | CIVIL - POST - CONVICTION RELIEF |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS VACATED. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED TO THE JACKSON COUNTY CIRCUIT COURT FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION - 12/07/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     After the Circuit Court of Jackson County dismissed Brian Wesley Creel's motion for post-conviction relief for lack of jurisdiction, a divided Court of Appeals reversed and

remanded. *See **Creel v. State***, 2005 Miss. App. LEXIS 805 (Miss. Ct. App. Nov. 1, 2005). We granted the State of Mississippi's petition for writ of certiorari. Finding that the circuit court has jurisdiction over Creel's motion and that Miss. Code Ann. § 47-7-47(2)(a) (Rev. 2004) does not apply to certain post-conviction proceedings, we reverse the circuit court's order, vacate the Court of Appeals' judgment, and remand to the circuit court for further proceedings consistent with this opinion.

## FACTS

¶2. On September 2, 1999, Creel entered pleas of guilty to multiple counts of burglary of a dwelling and grand larceny. On September 7, 1999, he was sentenced to ten years for each count, with all sentences to run concurrently. In addition, the circuit court recommended that Creel participate in the Regimented Inmate Discipline ("RID") program and retained jurisdiction of the case pending Creel's completion of the program. Creel completed the RID program, and on March 23, 2000, the circuit court released Creel from the custody of the Mississippi Department of Corrections on his own recognizance pending a re-sentencing hearing. This hearing was originally scheduled for April 6, 2000. However, because Creel suffered recurring medical problems and hospitalization, the hearing was continued several times, and ultimately never occurred.

¶3. In April, 2004, Creel, still acting on his own recognizance, was detained pursuant to a traffic stop and again placed in the custody of the MDOC to serve the remainder of his original ten-year sentence. Creel stated that this instance was the first notice he had that the MDOC still considered him to be subject to its custody.

¶4.    On June 11, 2004, Creel filed a motion requesting post-conviction relief in the Circuit Court of Jackson County, which denied Creel's motion, finding that it did not have jurisdiction to re-sentence Creel due to the passage of more than one year following Creel's placement into custody of the MDOC.  Aggrieved by this decision, Creel appealed.  We assigned the appeal to the Mississippi Court of Appeals, which reversed and remanded.  We granted the State's petition for writ of certiorari.

## DISCUSSION

### I.    THE CIRCUIT COURT'S RULING.

#### A.    Applicability of Miss. Code Ann. § 47-7-47(2)(a) (Rev. 2004).

¶5.    Section 47-7-47(2)(a) of the Mississippi Code provides in pertinent part:

> (2)(a) Any circuit court or county court may, upon its own motion, acting upon the advice and consent of the commissioner [of the MDOC] not earlier than thirty (30) days nor later than one (1) year after the defendant has been delivered to the custody of the [MDOC], suspend the further execution of the sentence and place the defendant on earned probation. . . .

Miss. Code Ann. § 47-7-47(2)(a) (Rev. 2004).  The circuit court interpreted this provision to prohibit it from exercising jurisdiction over Creel for resentencing purposes because more than one year had elapsed since Creel's placement in the MDOC's custody in 1999.  We first note that the statute *does not pertain to resentencing* – it pertains only to a *suspension* of the further execution of a sentence and to the placement of the convicted felon on earned probation.  Therefore, the circuit court's interpretation of § 47-7-47(2)(a) as pertaining to resentencing was erroneous.

#### B.    Jurisdiction to Resentence.

3

¶6. Under most circumstances, circuit courts do not have jurisdiction to resentence convicted felons. "In the absence of some statute authorizing such modification, . . . once the case has been terminated and the term of court ends, a circuit court is powerless to alter or vacate its judgment." *Harrigill v. State*, 403 So. 2d 867, 868-69 (Miss. 1981), *partially superceded by statute*, Miss. Code Ann. § 99-39-3(1) (Rev. 2000); *see also Norwood v. State*, 846 So. 2d 1048, (Miss. Ct. App. 2003) (concurring opinion). It is "clear that there is no inherent authority to alter or vacate a judgment, but rather legislation is required." *Dickerson v. State*, 731 So. 2d 1082, 1085 (Miss. 1999), *overruled in part, Presley v. State*, 792 So. 2d 950, 953 (Miss. 2001). Therefore, "a judge may not alter or vacate a sentence once the term of court in which the defendant was sentenced has ended." *Id.* (citing *Miss. Comm'n on Judicial Perf. v. Russell*, 691 So. 2d 929, 943-44 (Miss. 1997)).

¶7. However, the Legislature created an exception to this general rule when it enacted the Uniform Mississippi Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1 to 27 (Supp. 2005). *Dickerson*, 731 So. 2d at 1084 ("The only statutory authority to resentence [a convicted felon] is the Post Conviction Relief Act. This act establishes the criteria which must be present before the court acquires jurisdiction to consider resentencing a criminal."). Section 99-39-5(1) provides for nine different claims for relief under the Act:

(a)    That the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi;

(b)    That the trial court was without jurisdiction to impose [the] sentence;

(c)    That the statute under which the conviction and/or sentence was obtained is unconstitutional;

4

> (d) That the sentence exceeds the maximum authorized by law;
>
> (e) That there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;
>
> (f) That his plea was made involuntarily;
>
> (g) That his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody;
>
> (h) That he is entitled to an out-of-time appeal; or
>
> (i) That the conviction or sentence is otherwise subject to collateral attack upon any grounds of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy[.]

Miss. Code Ann. § 99-39-5 (Supp. 2005). We conclude that Creel's petition raises claims under subsection (e) and/or subsection (g).

¶8. Because Creel's petition was filed under the Mississippi Uniform Post-Conviction Collateral Relief Act, the circuit court erred in finding that it did not have jurisdiction and dismissing the petition. *Dickerson*, 731 So. 2d at 1084; *see also **Miller v. State***, 910 So. 2d 56, 57 (Miss. Ct. App. 2005). Therefore, we find that the trial court had jurisdiction over the petition.

¶9. In ***Curry v. State***, 855 So. 2d 452 (Miss. Ct. App. 2003), the Court of Appeals remanded a similar case to circuit court for consideration of a suspension of sentence instead of sending the felon to a state penitentiary for service of the remaining sentence. There, Curry was sentenced to ten years each on two counts of fondling. The sentences were suspended, and Curry was placed on five years' probation. Curry violated the terms of the

5

probation, and he was brought before the circuit court for a hearing.  The court then ordered

Curry to participate in and successfully complete the RID program.  Curry, however, was not

accepted into the RID program because he was diagnosed with AIDS.  The Court of Appeals

stated:

> There is no question that the circuit court could have ordered Curry to immediately begin serving the entire balance of his original sentence once the court determined that he had violated the terms of his probation.  However, it is also a fact that the circuit court has some discretion in the matter of further punishment after adjudicating a violation and may, in the exercise of its sound discretion, sentence the violator to something less than the entire unserved portion of the original sentence.  Granting a probation violator the opportunity to be confined for a relatively brief time under the RID Program with the opportunity to earn an early release by successful completion of the program requirements is, in our view, an appropriate exercise by the circuit court under [Miss. Code Ann. § 47-7-37].  The opportunity to participate in the RID Program necessarily carries with it the possibility that the participant will not successfully complete the program and thereby forfeit his chance for an early release from confinement. . . .
>
> **It seems apparent that the circuit court, in sentencing Curry after his probation violation, concluded that, despite his unsatisfactory behavior, he was nevertheless worthy of some additional consideration for an appropriate sentence that was something less than the entire balance of his original sentence. . . . [W]e conclude that to require Curry to serve the entire balance of his sentence . . . does not necessarily reflect the evident intention of the trial court to devise an alternate sentence that was less severe than this available option.**

*Curry*, 855 So. 2d at 454 (emphasis added).

¶10.    The *Curry* case and the case at bar are remarkably similar.  It is clear that the circuit

judge who ordered Creel to complete the RID program and then report back for possible

6

alteration of the terms of the sentence intended that Creel should not be required to serve the remainder of his sentence as an inmate in a state penitentiary.

¶11. The *Curry* court found that this clear intent of the sentencing judge and subsequent events constituted "material facts, not previously presented and heard, that requires vacation of the sentence in the interest of justice" within the meaning of Miss. Code Ann. § 99-39-5(1)(e). Here, the circuit judge should consider whether § 99-39-5(1)(e) likewise applies to Creel.

¶12. The incomplete record does not allow us to determine if, under § 99-39-5(1)(g), Creel's release was unlawfully revoked. We do note that, in *Brown v. State*, 864 So. 2d 1058 (Miss. Ct. App. 2004), the Court of Appeals held that a mere arrest was insufficient to support a revocation.

¶13. We remand this case to the circuit court for (1) an expansion of the record under Miss. Code Ann. § 99-39-17 (Rev. 2000); (2) if necessary, an evidentiary hearing under Miss. Code Ann. § 99-39-19 (Rev. 2000); and (3) consideration of and a ruling on the merits of Creel's petition.

## II. THE COURT OF APPEALS' DECISION.

¶14. After the circuit court found that Miss. Code Ann. § 47-7-47(2)(a) (Rev. 2004) applied to Creel, the Court of Appeals, interpreting the same statute, reversed. Because we find that Creel's sentence may be reconsidered to the extent authorized by the Mississippi Uniform Post-Conviction Relief Act, we find that § 47-7-47(2)(a) is not relevant to the issues at hand, and both the circuit court and the Court of Appeals erred when they applied this statute.

7

**CONCLUSION**

¶15.    We vacate the judgment of the Court of Appeals, reverse the circuit court's dismissal

of the petition, and remand this case to the circuit court for further proceedings in accordance

with this opinion.

¶16.    **THE JUDGMENT OF THE COURT OF APPEALS IS VACATED. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT IS REVERSED, AND THE CASE IS REMANDED TO THE JACKSON COUNTY CIRCUIT COURT FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION.**

**        SMITH, C.J., COBB, P.J., DIAZ, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR.   GRAVES, J., CONCURS IN RESULT ONLY.   EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**