85 So.3d 891 (2012)
Jay McCALPIN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2011-CP-00269-COA.
Court of Appeals of Mississippi.
April 10, 2012.
*892 Jay McCalpin, appellant, pro se.
Office of the Attorney General by John R. Henry Jr., attorney for appellee.
EN BANC.
GRIFFIS, P.J., for the Court:
¶ 1. Jay McCalpin appeals the denial of his motion for post-conviction collateral relief. He claims the State failed to prove that it was more likely than not that he committed a crime while on post-release supervision. We find no error and affirm.

FACTS
¶ 2. McCalpin pleaded guilty to one count of fondling and two counts of sexual battery. He was sentenced to ten years in the custody of the Mississippi Department of Corrections ("MDOC") with seven years suspended and four years of post-release supervision. On June 16, 2009, during the period of his post-release supervision, McCalpin was arrested by the Belmont Police Department and charged with felony stalking under Mississippi Code Annotated section 97-3-107 (Rev.2006). MDOC initiated revocation proceedings following McCalpin's arrest.
¶ 3. The circuit court held a revocation hearing on August 6, 2009. McCalpin's probation officer, Melinda Whited, testified regarding two affidavits made during the police investigationone sworn to by Lindsey[1], a sixteen-year-old girl, and one sworn to by Lindsey's mother. Lindsey reported that a man in a truck passed several vehicles and started to follow her vehicle closely while she was driving down Highway 25. He stayed right on her vehicle's bumper as she turned into her mother's place of business. After she pulled her vehicle into a parking space in front of the business, he parked right behind her so that the vehicles were almost touching. This action effectively trapped Lindsey's vehicle as she could not back out of the parking space.
¶ 4. Lindsey's mother approached Lindsey's vehicle and asked whether Lindsey knew the man parked behind her. When Lindsey replied that she did not know the man, Lindsey's mother asked him if there was a problem. Lindsey's mother later told police that the man never replied to her question. He did not take his gaze off of Lindsey when Lindsey's mother spoke to him. He started to leave, but he stopped his vehicle again and continued to stare at Lindsey.
¶ 5. Lindsey got out of her vehicle and went inside the business to get the owner, Boyd Lee Tidwell. When Tidwell came outside, the man drove off at a high speed. Investigator Donald Thomas with the Belmont Police Department testified that Tidwell got in his vehicle and followed the *893 man. Tidwell was able to report a partial license plate number to the police who later matched that number to McCalpin's licence plate. The police drove Lindsey and her mother past McCalpin's house where they both identified his truck as the one involved in the incident.
¶ 6. McCalpin's uncle testified in McCalpin's defense. He stated that McCalpin was with him on the day of the incident; therefore, according to the uncle's testimony, it could not have been McCalpin who followed Lindsey.
¶ 7. The State claimed that it had shown there was probable cause that McCalpin had committed the crime of felony stalking. McCalpin argued that even assuming it was him in the truck, he could not have committed felony stalking because his actions were never repeated but were part of a single event.
¶ 8. The circuit judge recognized that this was a one-time event. But the judge found that the conduct was a willful and malicious act of "harassment"; thus, McCalpin's conduct constituted felony stalking. See Miss.Code Ann. § 97-3-107(1). McCalpin's post-release supervision and suspended sentence of seven years were revoked. McCalpin was sentenced to serve four years in the custody of the MDOC and three years of post-release supervision.
¶ 9. McCalpin filed a motion for post-conviction collateral relief, claiming that his post-release supervision was unlawfully revoked because the State had failed to prove that a crime had been committed and that it was more likely than not that he had committed the crime. The circuit judge noted that this was a "close call"; he held that it was more likely than not that McCalpin had committed felony stalking. McCalpin's motion was denied.

STANDARD OF REVIEW
¶ 10. The denial of a motion for post-conviction collateral relief will not be reversed absent a finding that the circuit court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court's proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).

ANALYSIS
¶ 11. It is certainly true that McCalpin need not be convicted of the crime of felony stalking to have his post-release supervision revoked. Younger v. State, 749 So.2d 219, 222 (¶ 12) (Miss.Ct. App.1999) (citation omitted). Yet when the State is unable to show proof of a conviction, it must show "that a crime has been committed and that it is more likely than not that the probationer committed the offense." Brown v. State, 864 So.2d 1058, 1060 (¶ 9) (Miss.Ct.App.2004) (citations omitted).
¶ 12. We find ample evidence to support the circuit judge's finding that it was more likely than not that McCalpin followed Lindsey. His vehicle was identified by Lindsey and her mother. His license plate matched the partial number seen by Tidwell. And McCalpin's only alibi witness was a family member. We have no reason to dispute the circuit judge's finding in this respect.
¶ 13. We further find evidence to support the circuit judge's conclusion that the crime of felony stalking was committed. Id. At the time McCalpin was charged, section 97-3-107(1) stated:
Any person who willfully, maliciously and repeatedly follows or harasses another person, or who makes a credible threat, with the intent to place that person in reasonable fear of death or great bodily injury is guilty of the crime of *894 stalking, and upon conviction thereof shall be punished by imprisonment in the county jail for not more than one (1) year or by a fine of not more than One Thousand Dollars ($1,000.00), or by both such fine and imprisonment. A violation of this subsection by a person required to register as a sex offender for a sex offense listed in Section 45-33-23, in this state or another jurisdiction, whether state, federal or military, where the victim is under the age of eighteen (18) years, is a felony subject to a fine of Two Thousand Dollars ($2,000.00) and imprisonment for two (2) years in the State Penitentiary.
Miss.Code Ann. § 97-3-107(1).
¶ 14. The circuit judge conceded that there was no evidence of any repetitious actions by McCalpin. In fact, Lindsey emphatically stated that she had never seen the man before. Instead, the circuit judge held that McCalpin had engaged in wilful and malicious harassment of Lindsey.
¶ 15. Section 97-3-107(4) provides that a person "harasses" if he engages in "a knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, or harasses the person, and which serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the person." Further, "course of conduct" is defined as "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose." Id. (emphasis added).
¶ 16. While this may have been the only time Lindsey ever saw McCalpin, there is sufficient evidence to show that McCalpin's conduct was composed of a series of acts over a short period of time that evinced a continuity of purpose. Lindsey testified that McCalpin passed several cars at a high rate of speed and began to follow her closely. He continued to follow Lindsey as she pulled off of the highway into a parking lot. He parked directly behind her so that she could not move her vehicle. He continued to stare at her as her mother addressed him. Even after he began to leave, he stopped his car again to continue to stare at Lindsey. It was not until he was chased by Tidwell that McCalpin left Lindsey's presence. We find that this evidence constitutes a knowing and willful course of conduct that qualifies as harassment under section 97-3-107(4).
¶ 17. Although the circuit judge made no specific finding on this issue, there was also evidence to find that McCalpin more likely than not made "a credible threat, with the intent to place [Lindsey] in reasonable fear of death or great bodily injury[.]" Miss.Code Ann. § 97-3-107(1). Lindsey stated that, when she saw McCalpin continue to stare at her while he backed his vehicle down the road, she got scared and asked her mother what to do. And, when McCalpin had trapped her vehicle in the parking space, Lindsey said she was afraid that he was going to get out of his vehicle. Investigator Thomas used the phrase "scared to death" to describe Lindsey's state of mind after the incident. This evidence further supports the circuit court's finding that the State had met its burden to revoke McCalpin's post-release supervision.
¶ 18. We find no error in the denial of McCalpin's motion for post-conviction collateral relief. The judgment of the circuit court is affirmed.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF TISHOMINGO COUNTY DENYING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL *895 COSTS OF THIS APPEAL ARE ASSESSED TO TISHOMINGO COUNTY.
LEE, C.J., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. RUSSELL, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY IRVING, P.J.
RUSSELL, J., dissenting:
¶ 20. I respectfully disagree with the majority's decision to affirm the denial of the motion for post-conviction relief (PCR). I find the evidence does not support the conclusion that the State met its burden of proving the crime of felony stalking had been committed and that McCalpin "more likely than not" committed it, thus warranting revocation of his post-release supervision. Therefore, I dissent.
¶ 21. On appeal, a reviewing court should not disturb a lower court's decision to deny a petition for post-conviction relief unless the court's findings are clearly erroneous. McClinton v. State, 799 So.2d 123, 127 (¶ 4) (Miss.Ct.App.2001). However, where questions of law are raised the applicable standard of review is de novo. Id.
¶ 22. The mere arrest of a probationer is not a violation of probation. Moore v. State, 587 So.2d 1193, 1194 (Miss.1991). Our supreme court has stated that a conviction is not necessary to revoke probation; probation may be revoked upon a showing that the defendant "more likely than not" violated the terms of probation. Younger v. State, 749 So.2d 219, 222 (¶ 12) (Miss.Ct.App.1999) (citing Berdin v. State, 648 So.2d 73, 79 (Miss.1994)).
¶ 23. While an actual conviction is not required, the State is not left without a burden at a revocation hearing. At the time of the alleged offense, Mississippi Code Annotated section 97-3-107(1) (Rev. 2006), which governs the offense of stalking, stated: "Any person who willfully, maliciously, and repeatedly follows or harasses another person, or who makes a credible threat, with the intent to place that person in reasonable fear of death or great bodily injury is guilty of the crime of stalking . . . ." (Emphasis added). Mississippi Code Annotated section 97-3-107(4) (Rev.2006) provides that the element of "harasses" is satisfied by "a knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, or harasses the person and which serves no legitimate purpose." Furthermore, section 97-3-107(4) defines course of conduct "as a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose." Miss.Code Ann. § 97-3-107(4). I submit that the State failed to prove the crime of felony stalking had been committed by McCalpin or anyone else and cannot withstand scrutiny.
¶ 24. The statute first requires that one "wilfully, maliciously, and repeatedly follows or harasses." Miss.Code Ann. § 97-3-107(1). The language reads and repeatedly. Id. (Emphasis added). Therefore, in addition to the harassment being wilful and malicious, it must have also occurred more than once to satisfy the statutory requirements. In this case the testimony was undisputed that the incident of June 16, 2009, marked the first time either the alleged harassment victim or her mother had seen McCalpin. The court, in granting the State's petition for revocation said, "I realize there is no evidence before the Court which says that it was repeatedly done. I do believe that it was wilfully and maliciously done, and the Court so finds." There is no evidence of any repeated conduct. Furthermore, the statute provides that the harassment must *896 be pattern of conduct composed of a series of acts over a period of time evidencing a continuity of purpose. Miss.Code Ann. § 97-3-107(4). Additionally, the repeated series of acts over a period of time must seriously harass the victim to constitute felony stalking. Id. In granting the state's petition for revocation the court also said "[t]he preponderance of the evidence shows that you were on her bumper. Whether you meant to be or not, you were. And if you were that close and following her, I can certainly understand and find that that constitutes harassment of her under this statute, [section] 97-3-107." In the instant case, there was no evidence of a series of acts over a period of time evidencing a continuity of purpose and there was no evidence presented that Young was "seriously" harassed. The evidence presented by the State is inadequate to support this element of the crime of stalking.
¶ 25. The majority finds that McCalpin more likely than not made "a credible threat, with the intent to place [Young] in reasonable fear of death or great bodily injury." Miss.Code Ann. § 97-3-107(1). I respectfully disagree. A "credible threat" means a threat made with the intent and the apparent ability to carry out the threat so as to cause the person who is the target of the threat to reasonably fear for his or her life. Miss.Code Ann. § 97-3-107(5). The only evidence presented was Thomas's description of Young's state of mind after the incident as "scared to death," Young's statement that she was afraid to get out of her vehicle, and her statement that she was scared. While the evidence suggests fear, it does not suggests fear of death or great bodily injury. Neither Young nor her mother expressed any reason to think McCalpin was about to kill or cause great bodily injury to them. In fact, both testified that McCalpin never said a word to them, never got out of his vehicle, never made any gestures or took any act of aggression towards them. Young's mother testified that, even after she confronted McCalpin, he never said anything. Again, there is no evidence to support this element of the State's charge of stalking.
¶ 26. McCalpin denied the allegations and stated that he was working with his uncle at the time of the alleged offense. McCalpin's uncle testified to the same. But, for the sake of Boyd v. State, 754 So.2d 586, 588-89 (Miss.2000), accepting as true all of the evidence that is favorable to the state, including all reasonable inferences that may be drawn therefrom, and to disregard evidence favorable to the defendant, even if McCalpin did all that he is accused of, the statutory requirements for stalking are not met.
¶ 27. That is, even if this Court assumed the testimony of McCalpin and his uncle is untrue, the State did not present ample evidence to support the circuit court's finding that it was more likely than not that McCalpin harassed Young.
¶ 28. In my view, the State's case was inadequate. After carefully considering all of the evidence presented, it defies all rational reason that McCalpin more likely than not committed felony stalking. In the absence of evidence to show there was repeated conduct that seriously harassed Young, or that there was a credible threat, the State has failed to meet the statutory requirement. The evidence presented does not show felony stalking. Therefore, I cannot conclude that the crime more likely than not occurred and was committed by McCalpin.
¶ 29. In my opinion the majority's position that the speeding was one act, the following Young closely another, the parking behind her another, and the staring at her yet another in an effort to find that the conduct was composed of a series of acts *897 over a period of time, somehow evidencing a continuity of purpose stretches the meaning of the felony-stalking statute beyond its plain reading and prior application.
¶ 30. The majority finds that it is irrelevant and without consequence that the alleged conduct was not repeated. In fact, the majority conveniently omits the requirement altogether and looks only to the wilful and malicious elements of the offense. However, the statute reads "and repeatedly," not or repeatedly. Miss.Code Ann. § 97-3-107(1) (emphasis added). The record is devoid of any mention of whether McCalpin was subsequently convicted of the stalking offence. Such a finding by the majority gives too much power to individuals who do not want sex offenders in their neighborhoods or vengeful ex-spouses to fabricate allegations of criminal activity for the sole purpose of having individuals arrested and charged with the ultimate purpose to have their probations revoked. It is a slippery slope that I choose not to enter.
¶ 31. On the facts and evidence in this case, there was insufficient evidence to show that the crime of felony stalking pursuant to Mississippi Code Annotated section 97-3-107 was committed and therefore McCalpin could not have "more likely than not" committed the offense for which he was arrested and charged.
¶ 32. I find the circuit court's denial of McCalpin's PCR motion as a result of the unlawful revocation was erroneous and contrary to the evidence. For these reasons, I dissent.
IRVING, P.J., JOINS THIS OPINION.
NOTES
[1] We use a fictitious name to protect the identity of the minor victim.