GRIFFIS, P.J.,
for the Court:
¶ 1. Jay McCalpin appeals the denial of his motion for post-conviction collateral relief. He claims the State failed to prove that it was more likely than not that he committed a crime while on post-release supervision. We find no error and affirm.
FACTS
¶ 2. McCalpin pleaded guilty to one count of fondling and two counts of sexual battery. He was sentenced to ten years in the custody of the Mississippi Department of Corrections (“MDOC”) with seven years suspended and four years of post-release supervision. On June 16, 2009, during the period of his post-release supervision, McCalpin was arrested by the Belmont Police Department and charged with felony stalking under Mississippi Code Annotated section 97-3-107 (Rev.2006). MDOC initiated revocation proceedings following McCalpin’s arrest.
¶ 3. The circuit court held a revocation hearing on August 6, 2009. McCalpin’s probation officer, Melinda Whited, testified regarding two affidavits made during the police investigation — one sworn to by Lindsey[1], a sixteen-year-old girl, and one sworn to by Lindsey’s mother. Lindsey reported that a man in a truck passed several vehicles and started to follow her vehicle closely while she was driving down Highway 25. He stayed right on her vehicle’s bumper as she turned into her mother’s place of business. After she pulled her vehicle into a parking space in front of the business, he parked right behind her so that the vehicles were almost touching. This action effectively trapped Lindsey’s vehicle as she could not back out of the parking space.
¶ 4. Lindsey’s mother approached Lindsey’s vehicle and asked whether Lindsey knew the man parked behind her. When Lindsey replied that she did not know the man, Lindsey’s mother asked him if there was a problem. Lindsey’s mother later told police that the man never replied to her question. He did not take his gaze off of Lindsey when Lindsey’s mother spoke to him. He started to leave, but he stopped his vehicle again and continued to stare at Lindsey.
¶ 5. Lindsey got out of her vehicle and went inside the business to get the owner, Boyd Lee Tidwell. When Tidwell came outside, the man drove off at a high speed. Investigator Donald Thomas with the Belmont Police Department testified that Tid-well got in his vehicle and followed the *893 man. Tidwell was able to report a partial license plate number to the police who later matched that number to McCalpin’s licence plate. The police drove Lindsey and her mother past McCalpin’s house where they both identified his truck as the one involved in the incident.
¶ 6. McCalpin’s uncle testified in McCal-pin’s defense. He stated that McCalpin was with him on the day of the incident; therefore, according to the uncle’s testimony, it could not have been McCalpin who followed Lindsey.
¶ 7. The State claimed that it had shown there was probable cause that McCalpin had committed the crime of felony stalking. McCalpin argued that even assuming it was him in the truck, he could not have committed felony stalking because his actions were never repeated but were part of a single event.
¶8. The circuit judge recognized that this was a one-time event. But the judge found that the conduct was a willful and malicious act of “harassment”; thus, McCalpin’s conduct constituted felony stalking. See Miss.Code Ann. § 97-3-107(1). McCalpin’s post-release supervision and suspended sentence of seven years were revoked. McCalpin was sentenced to serve four years in the custody of the MDOC and three years of post-release supervision.
¶ 9. McCalpin filed a motion for post-conviction collateral relief, claiming that his post-release supervision was unlawfully revoked because the State had failed to prove that a crime had been committed and that it was more likely than not that he had committed the crime. The circuit judge noted that this was a “close call”; he held that it was more likely than not that McCalpin had committed felony stalking. McCalpin’s motion was denied.
STANDARD OF REVIEW
¶ 10. The denial of a motion for post-conviction collateral relief will not be reversed absent a finding that the circuit court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
ANALYSIS
¶ 11. It is certainly true that McCalpin need not be convicted of the crime of felony stalking to have his post-release supervision revoked. Younger v. State, 749 So.2d 219, 222 (¶ 12) (Miss.Ct. App.1999) (citation omitted). Yet when the State is unable to show proof of a conviction, it must show “that a crime has been committed and that it is more likely than not that the probationer committed the offense.” Brown v. State, 864 So.2d 1058, 1060 (¶ 9) (Miss.Ct.App.2004) (citations omitted).
¶ 12. We find ample evidence to support the circuit judge’s finding that it was more likely than not that McCalpin followed Lindsey. His vehicle was identified by Lindsey and her mother. His license plate matched the partial number seen by Tidwell. And McCalpin’s only alibi witness was a family member. We have no reason to dispute the circuit judge’s finding in this respect.
¶ 13. We further find evidence to support the circuit judge’s conclusion that the crime of felony stalking was committed. Id. At the time McCalpin was charged, section 97-3-107(1) stated:
Any person who willfully, maliciously and repeatedly follows or harasses another person, or who makes a credible threat, with the intent to place that person in reasonable fear of death or great bodily injury is guilty of the crime of *894 stalking, and upon conviction thereof shall be punished by imprisonment in the county jail for not more than one (1) year or by a fine of not more than One Thousand Dollars ($1,000.00), or by both such fíne and imprisonment. A violation of this subsection by a person required to register as a sex offender for a sex offense listed in Section 45-33-23, in this state or another jurisdiction, whether state, federal or military, where the victim is under the age of eighteen (18) years, is a felony subject to a fíne of Two Thousand Dollars ($2,000.00) and imprisonment for two (2) years in the State Penitentiary.
Miss.Code Ann. § 97-3-107(1).
¶ 14. The circuit judge conceded that there was no evidence of any repetitious actions by McCalpin. In fact, Lindsey emphatically stated that she had never seen the man before. Instead, the circuit judge held that McCalpin had engaged in wilful and malicious harassment of Lindsey.
¶ 15. Section 97-3-107(4) provides that a person “harasses” if he engages in “a knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, or harasses the person, and which serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the person.” Further, “course of conduct” is defined as “a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose.” Id. (emphasis added).
¶ 16. While this may have been the only time Lindsey ever saw McCalpin, there is sufficient evidence to show that McCalpin’s conduct was composed of a series of acts over a short period of time that evinced a continuity of purpose. Lindsey testified that McCalpin passed several cars at a high rate of speed and began to follow her closely. He continued to follow Lindsey as she pulled off of the highway into a parking lot. He parked directly behind her so that she could not move her vehicle. He continued to stare at her as her mother addressed him. Even after he began to leave, he stopped his car again to continue to stare at Lindsey. It was not until he was chased by Tidwell that McCalpin left Lindsey’s presence. We find that this evidence constitutes a knowing and willful course of conduct that qualifies as harassment under section 97-3-107(4).
¶ 17. Although the circuit judge made no specific finding on this issue, there was also evidence to find that McCalpin more likely than not made “a credible threat, with the intent to place [Lindsey] in reasonable fear of death or great bodily injury[.]” Miss.Code Ann. § 97-3-107(1). Lindsey stated that, when she saw McCal-pin continue to stare at her while he backed his vehicle down the road, she got scared and asked her mother what to do. And, when McCalpin had trapped her vehicle in the parking space, Lindsey said she was afraid that he was going to get out of his vehicle. Investigator Thomas used the phrase “scared to death” to describe Lindsey’s state of mind after the incident. This evidence further supports the circuit court’s finding that the State had met its burden to revoke McCalpin’s post-release supervision.
¶ 18. We find no error in the denial of McCalpin’s motion for post-conviction collateral relief. The judgment of the circuit court is affirmed.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF TISHOMINGO COUNTY DENYING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL *895 COSTS OF THIS APPEAL ARE ASSESSED TO TISHOMINGO COUNTY.
LEE, C.J., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. RUSSELL, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY IRVING, P.J.

. We use a fictitious name to protect the identity of the minor victim.