# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-01011-COA

**LEE AMERSON A/K/A LEE TOMMIE AMERSON A/K/A LEE T. AMERSON**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/26/2020 |
| TRIAL JUDGE: | HON. ROBERT THOMAS BAILEY |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LEE AMERSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 09/07/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE CARLTON, P.J., WESTBROOKS AND EMFINGER, JJ.

## WESTBROOKS, J., FOR THE COURT:

¶1.     Lee Tommie Amerson appeals from the Lauderdale County Circuit Court's denial of his motion for post-conviction collateral relief (PCR).  After a review of the record, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Amerson was indicted in November 2018 by a Lauderdale County grand jury on charges of assault in violation of Mississippi Code Annotated section 97-3-7 (Rev. 2014). In July 2019, he pled guilty to aggravated assault in the Lauderdale County Circuit Court. He was sentenced to serve ten years in the custody of the Mississippi Department of

Corrections (MDOC), with eight years and 292 days suspended and five years of non-reporting post-release supervision.

¶3.     On October 10, 2019, Amerson was arrested by the East Mississippi Drug Task Force (EMDTF) and charged with strong armed robbery and possession of methamphetamine. Amerson's probation officer filed a petition for revocation on October 15, 2019, based on his arrest by the EMDTF. A preliminary hearing was held on November 5, 2019, followed by a revocation hearing on November 6, 2019—both in Lauderdale County.[1] Amerson alleged that a person named Agent Fox of the EMDTF presented testimony at both hearings, and the circuit court held that Amerson had committed the new felony offenses for which he was charged based on a preponderance of the evidence. Amerson's post-release supervision was revoked, and based on Mississippi Code Annotated section 47-7-37.1 (Rev. 2015), he was ordered to serve the suspended portion of his sentence (eight years and 292 days) in the custody of the MDOC.

¶4.     On May 27, 2020, Amerson filed a PCR motion in the Lauderdale County Circuit Court. Without holding a hearing, Judge Robert T. Bailey (who had also presided over the revocation hearing) denied Amerson's PCR motion on August 26, 2020. Judge Bailey found that based on the evidence before him, the court was within its authority in revoking Amerson's post-release supervision and imposing his suspended sentence based on section 47-7-37.1 instead of sentencing him to a technical violation center pursuant to Mississippi Code Annotated section 47-7-37 (Supp. 2018). Amerson now appeals.

_____

[1] The record before us does not include transcripts of either of these hearings.

## STANDARD OF REVIEW

¶5.     "When reviewing a circuit court's denial or dismissal of a PCR motion, we will only disturb the circuit court's decision if it is clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Tingle v. State*, 285 So. 3d 708, 710 (¶8) (Miss. Ct. App. 2019) (quoting *Williams v. State*, 228 So. 3d 844, 846 (¶5) (Miss. Ct. App. 2017)).

## DISCUSSION

¶6.     Amerson's principal argument is that he should have been sentenced to ninety days or less in a technical violation center in keeping with Mississippi Code Annotated section 47-7-37 instead of having his post-release supervision revoked and his suspended sentence imposed. The State argues that because robbery and possession of methamphetamine are two new felonies, not technical violations, the guiding statute is Mississippi Code Annotated section 47-7-37.1.[2] The statute states, "Notwithstanding any other provision of law to the contrary, if a court finds by a preponderance of the evidence, that a probationer or a person under post-release supervision has committed a felony or absconded, the court may revoke his probation and impose any or all of the sentence." Miss. Code Ann. § 47-7-37.1. Accordingly, the circuit court did not err in revoking Amerson's post-release supervision and imposing his suspended sentence based on its finding by a preponderance of the evidence that Amerson committed the felony offenses of robbery and possession of methamphetamine.

---

[2] A "'[t]echnical violation' means an act or omission by the probationer that violates a condition or conditions of probation placed on the probationer by the court or the probation officer." Miss. Code Ann. § 47-7-2(q) (Rev. 2015).

¶7.     Amerson argues that he did not receive a speedy trial (i.e., a trial within 270 days of arraignment) based on Mississippi Code Annotated section 99-17-1 (Rev. 2015). We note that although the State says he was never arraigned on charges of robbery or possession of methamphetamine, the record is devoid of any information on this issue. At any rate, Amerson's argument is inconsequential because there is no requirement that he be indicted and a trial held in order for his post-release supervision to be revoked — revocation is based on a preponderance of the evidence presented to the judge at the revocation hearing, rather than a conviction. *Williams v. State*, 298 So. 3d 416, 419 (¶16) (Miss. Ct. App. 2020). Therefore, this issue is without merit.

¶8.     Amerson also calls into question the sufficiency of the evidence against him. Amerson cites to the appellant's argument in *Brown v. State* and maintains that the sole fact of his arrest does not constitute a violation of probation. *Brown v. State*, 864 So. 2d 1058, 1059 (¶6) (Miss. Ct. App. 2004). But the actual holding of this Court in *Brown* is that the State "must show proof of an actual conviction, or that a crime was committed and that it is more likely than not that the probationer committed the offense." *Id.* at 1060 (¶9). Based on information presented at the revocation hearing, the circuit court found by a preponderance of the evidence that Amerson committed the felony offenses of robbery and possession of methamphetamine. The circuit court's finding is in line with *Brown* and *Roney v. State*, in which we held that proof beyond a reasonable doubt is not the proper standard of proof when looking at post-supervision release violations—it must only be shown that the "defendant more likely than not violated probation . . . ." *Roney v. State*, 294 So. 3d 1268,

4

1272 (¶12) (Miss. Ct. App. 2020). "[A] probationer does not have to be convicted of a crime before probation can be revoked." *Id*.; *see also Williams*, 298 So. 3d at 419 (¶17) (holding that even if charges against the probationer had been dismissed, this would not call for the automatic reversal of the revocation decision). The circuit court committed no error regarding this issue.

¶9. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. SMITH, J., NOT PARTICIPATING.**